1  JOHN A. RUSSO, City Attorney - State Bar #129729
   RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
2  WILLIAM E. SIMMONS, Supervising Trial Attorney - State Bar #121266
   ARLENE M. ROSEN, Senior Deputy City Attorney - State Bar #100160
3  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California  94612
4  Telephone:  (510) 238-6392          Fax:  (510) 238-6500
   24596/363692
5
   Attorneys for Defendants
6  CITY OF OAKLAND, et al.

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  UGANDA KNAPPS,                          Case No. C-05-2935-MEJ

12                Plaintiff,                **STIPULATED PROTECTIVE
                                            ORDER**
13        vs.

14  CITY OF OAKLAND; FRANCISCO ROJAS,
    MICHAEL CARDOZA, and JAMES KELLY, individually
15  and/or acting in their capacities as law enforcement
    officers for the City of Oakland,
16  DOES 1-100, inclusive,

17                Defendants.

18

19        Plaintiff, UGANDA KNAPPS ("Plaintiff", individually and on behalf of the LAW

20  OFFICES OF JAMES B. CHANIN and DEFENDANTS CITY OF OAKLAND, FRANCISCO

21  ROJAS, MICHAEL CARDOZA, and JAMES KELLY, by and through their attorneys, the

22  OFFICE OF THE CITY ATTORNEY OF OAKLAND, hereby stipulate to the following

23  protective order:

24  ///

25  ///

26  ///

1. <u>DEFINITIONS</u>

1.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things;

1.3 <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things qualify for protection under standards developed under F.R.Civ. P. 26(c).  This material includes, but is not limited to:

a) Copies of certain personnel files for FRANCISCO ROJAS, MICHAEL CARDOZA, and JAMES KELLY  for a period covering the dates of their employment with the Oakland Police Department through and including December 31, 2004.

b) Copies of certain Internal Affairs files pertaining to complaints regarding performance of duty and excessive force for FRANCISCO ROJAS, MICHAEL CARDOZA, and JAMES KELLY for a period August 10, 1999 through December 31, 2004.

c) Any Internal Affairs files pertaining to the incident which is alleged in the complaint on file in this action.

1.4 <u>"Highly Confidential-Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.6 <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

1.7 <u>Designating Party</u>:  a Party or non-party that designates information or

1   items that it produces in disclosures or in responses to discovery as "Confidential" or

2   "Highly Confidential-Attorneys Eyes Only."

3         1.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is

4   designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

5         1.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but

6   who are retained to represent or advise a Party in this action.

7         1.10   <u>House Counsel</u>:  attorneys who are employees of a Party.

8         1.11   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as

9   well as their support staffs).

10        1.12   <u>Expert</u>:  a person with specialized knowledge or experience in a

11  matter pertinent to the litigation who has been retained by a Party or its counsel to serve

12  as an expert witness or as an consultant n this action and who is not a past or a current

13  employee of a Party and who, at the time of retention, is not anticipated to become an

14  employee of a Party.  This definition includes a professional jury or trial consultant retained

15  in connection with this litigation.

16        1.13   <u>Professional Vendors</u>:  person or entities that provide litigation support

17  services (<u>e.g.</u>, photocopying: videotaping; translating; preparing exhibits or

18  demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their

19  employees and subcontractors.

20        2. <u>SCOPE</u>

21        The protections conferred by this Stipulation and Order cover not only

22  Protected Material (as defined above), but also any information copied or extracted

23  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

24  testimony, conversations, or presentations by parties or counsel to or in court or in other

25  settings that might reveal Protected Material.

26        3. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or court order otherwise directs.

4. DESIGNATING PROTECTED MATERIAL

4.1 F.R.Civ. P. 26(c).  The information sought to be protected must be properly qualified for protection under F.R.Civ. P. 26(c).  Counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

4.2 Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, material that qualified for protection under the Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

1   ONLY") at the top of each page that contains Protected Material.    If only a portion or

2   portions of the material on a page qualifies for protection, the Producing Party also must

3   clearly identify the protected portion(s) (e.g., by making appropriate markings in the

4   margins) and must specify, for each portion, the level of protection being asserted (either

5   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

6                  (b) for testimony given in deposition or in other pretrial or trial proceedings,

7   that the Party or non-party offering or sponsoring the testimony identify on the record,

8   before the close of the deposition, hearing, or other proceeding, all protected testimony,

9   and further specify any portions of the testimony that qualify as "HIGHLY

10  CONFIDENTIAL—ATTORNEYS' ONLY." When it is impractical to identify separately each

11  portion of testimony that is entitled to protection, the Party or non-party that sponsors,

12  offers, or gives the testimony may invoke on the record (before the deposition or

13  proceeding ins concluded) a right to have up to 20 days to identify the specify the level of

14  protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

15  ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately

16  designated for protection within the 20 days shall be covered by the provisions of this

17  Stipulated Protective Order.

18                  Transcript pages containing Protected Material must be separately bound by

19  the court reporter, who must affix to the top of each such page the legend

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as

21  instructed by the Party or non-party offering or sponsoring the witness or presenting the

22  testimony.

23                  ( c) for information produced in some form other than documentary, and for

24  any other tangible items, that the Producing Party affix in a prominent place on the exterior

25  of the container or containers in which the information or item is stored the legend

26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

1        4.3. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

2   failure to designate qualified information or items as "Confidential"  or "Highly Confidential—

3   Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to

4   secure protection under this Order for such material.  If material is appropriately designated

5   as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the material was

6   initially produced, the Receiving Party, on timely notification of the designation, must make

7   reasonable efforts to assure that the material is treated in accordance with the provisions of

8   the Order.

9        5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

10       5.1 <u>Timing of Challenges.</u>   Unless a proper challenge to a Designating

11  Party's confidentially designation is necessary to avoid foreseeable substantial unfairness,

12  unnecessary economic burden, or a later significant disruption or delay of the litigation, a

13  Party does not waive its right to challenge a confidentiality designation by electing not to

14  mount a challenge promptly after the original designation is disclosed.

15       5.2 <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a

16  Designating Party's confidentiality designation must do so in good faith and must begin the

17  process by conferring directly (in voice to voice dialogue; other forms of communication are

18  not sufficient)  with counsel for the Designating Party.  In conferring, the challenging Party

19  must explain the basis for its belief that the confidentiality designation was not proper and

20  must give the Designating Party an opportunity to review the designated material, to

21  reconsider the circumstances, and, if no change in designation is offered, to explain the

22  basis for the chose designation.  A challenging Party may proceed to the next stage of the

23  challenge process only if it has engaged in this meet and confer process first.

24  ///

25  ///

26       5.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

confidentiality designation after considering the justification offered by the Designating

Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local

Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the

basis for the challenge.  Each such motion must be accompanied by a competent

declaration that affirms that the movant has complied with the meet and confer

requirements imposed in the preceding paragraph and that sets forth with specificity the

justification for the confidentiality designation that was given by the Designating Party in the

meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the

Designating Party.  Until the court rules on the challenge, all parties shall continue to afford

the material in question the level of protection tow which it is entitled under the Producing

Party's designation.

6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

6.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

disclosed or produced by another Party or by a non-party in connection with this case only

for prosecuting, defending, or attempting to settle this litigation.  Such Protected material

may be disclosed only to the categories of persons and under the conditions described in

this Order.  When the litigation has terminated, a Receiving Party must comply with the

provisions of section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

6.2    <u>Disclosure of "CONFIDENTIAL: Information or Items.</u>  Unless

otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

Party may disclose any information or item designated CONFIDENTIAL only to:

(a) employees of the Receiving Party to whom disclosure is reasonably

1  necessary for this litigation and who have signed the "Agreement to Be Bound by

2  Protective Order"  (Exhibit A);

3         (b) experts (as defined in this Order) of the Receiving Party to whom

4  disclosure is reasonably necessary for this litigation and who have signed the "Agreement

5  to Be Bound by Protective Order" (Exhibit A);

6         (c) the Court and its personnel;

7         (d) court reporters, their staffs, and professional venders to whom disclosure

8  is reasonably necessary for this litigation and who have sighed the "Agreement to Be

9  Bound by Protective Order"  (Exhibit A);

10        (e) during their deposition, witnesses in the action to whom disclosure is

11 reasonably necessary and who have signed the "Agreement to Be Bound by Protective

12 Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that

13 reveal Protected Material must be separately bound by the court reporter and may not be

14 disclosed to anyone except as permitted under this Stipulated Protective Order.

15        (f) the author the document or the original source of the information.

16     6.3    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

17 Information or Items.   Unless otherwise ordered by the court or permitted in writing by the

18 Designating Party, Receiving Party may disclose any information or item designated

19 "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

20        (a) Experts (as defined in this Order) (1) to whom disclosure is reasonably

21 necessary for this litigation, who have signed the "Agreement to Be Bound by Protective

22 Order" (Exhibit A);

23        (b) the Court and it's personnel;

24        (c) court reporters, their staffs, and professional vendors to whom disclosure

25 is reasonably necessary for this litigation and who have sighed the "Agreement to Be

26 Bound by Protective Order" (Exhibit A); and

(d) the author of the document or the original source of the information.

7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED
     PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designation Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

1  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

2  copies of the Protected Material, (c) inform the person or persons to whom unauthorized

3  disclosures were made of all of the terms of this Order, and (d) request such person or

4  persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

5  hereto as Exhibit A.

6        9. <u>FILING PROTECTED MATERIAL.</u>  Without written permission form the

7  Designating Party or a court order secured after appropriate notice to all interested

8  persons, a Party may not in the public record in this action any Protected material.  A

9  Party that seeks to file under seal any Protected Material must comply with Civil Local

10  Rule 79-5.  In addition to placing the documents in a sealed envelope with instructions that

11  the envelope is not to be opened absent further order of the court, the envelope should be

12  labeled to identify title of the case, the case number, and the title of the document.

13        10. <u>FINAL DISPOSITION.</u>  Unless otherwise ordered or agreed in writing by

14  the Producing Party, within sixty days after the final termination of this action, each

15  Receiving Party must return all Protected Material to the Producing Party, as used in this

16  subdivision, "all Protected Material" includes all copies, abstracts compilations, summaries

17  or any other form of reproducing or capturing any of the Protected Material.  With

18  permission in writing from the Designating Party, the Receiving Party may destroy some or

19  all of the Protected Material instead or returning it.  Whether the Protected Material is

20  returned or destroyed, the Receiving Party must submit a written certification to the

21  Producing Party (and, if not the same person or entity, to the Designating Party) by the

22  sixty day deadline that identifies (by category, where appropriate) all the Protected

23  Material that was returned or destroyed and that affirms that the Receiving Party has not

24  retained any copies, abstracts, compilations, summaries or other forms of reproducing or

25  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

26  entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

memoranda, correspondence or attorney work product, even if such materials contain

Protected Material.  Any such archival copies that contain or constitute Protected Material

remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

            11. <u>MISCELLANEOUS</u>

            <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

person to seek its modification by the Court in the future.

            12. <u>JURISDICTION.</u>   The Court shall retain jurisdiction over any matter

covered by this Stipulation and Order for 24 months after the final termination of this

action.

          **IT IS SO STIPULATED.**

DATED:  February 8, 2006          LAW OFFICES OF JAMES B. CHANIN

                        By:<u>//s//JAMES B. CHANIN</u>
                          JAMES B. CHANIN

                        Attorneys for Plaintiff
                        Uganda Knapps

DATED:  February 8, 2006          OFFICE OF THE CITY ATTORNEY

                        By:<u>//s//ARLENE M. ROSEN</u>
                          ARLENE M. ROSEN

                        Attorneys for Defendants
                        City of Oakland, Francisco Rojas
                        Michael Cardoza and James Kelly

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Pursuant to Stipulation, IT IS SO ORDERED.

1

DATED:_____ February 17, 2006

2

3

4   _____
    MARIA-ELENA
    United States

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____[print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States Court for the Northern District of California on

_____[date] in the case of Uganda Knapps v. City of Oakland, et al.

Case No. C-05-2935-MEJ.   I agree to comply with and be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint_____[print or type full

name] of _____[print or type full address

and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
[printed name]


Signature:_____
[signature]