JAMES B. CHANIN (SBN 76043)
JULIE M. HOUK     (SBN 114968)
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California  94705
Telephone:     (510) 848-4752, Ext. 2
Facsimile      (510) 848-5819
Email:          jbcofc@aol.com

Attorneys for Plaintiff
Uganda Knapps

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UGANDA KNAPPS, | Case No.: C05-2935-MEJ |
| Plaintiff, | |
| vs. | **STIPULATION AND [PROPOSED] ORDER RE: COURT'S JULY 20, 2009 ORDER CONCERNING EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER THE CALIFORNIA GOVERNMENT CLAIMS ACT** |
| CITY OF OAKLAND, et al., | |
| Defendants. | |

Knapps v. City of Oakland, C05-2935 MEJ                                              1
Stip. And Prop. Order Re: Court's Order of July 20, 2009

THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, DO HEREBY STIPULATE AND AGREE THAT in response to the Court's Order of July 20, 2009, the Tort Claim presented by Plaintiff Uganda Knapps to the City of Oakland on February 8, 2005, which is attached and incorporated herein by reference as Exhibit 1, generally complied with the notice requirements of the California Government Claims Act (Cal. Govt. Code Section 910, et seq.).  Therefore, the parties are not disputing this issue and request that the case be submitted for final decision by the Court.

IT IS SO STIPULATED:

Dated: July 21, 2009                          /s/ Julie M. Houk
                                              Attorney for Plaintiff

Dated: July 22, 2009                          /s/
                                              _____
                                              Arlene Rosen
                                              Attorney for Defendants

PURSUANT TO STIPULATION,
IT IS SO ORDERED:

Dated: July 27, 2009                          _____
                                              The Honorable Maria-Elena James
                                              Magistrate Judge

Knapps v. City of Oakland, C05-2935 MEJ                                           2
Stip. And Prop. Order Re: Court's Order of July 20, 2009

# CLAIM AGAINST THE CITY OF OAKLAND

Please return the completed form to the Office of the City Attorney, One Frank H. Ogawa Plaza, 6th Floor, Oakland, CA 94612. Additional sheets may be attached as necessary. Enclose a **postage paid envelope** if you require a filing receipt.

1) CLAIMANT'S NAME: Uganda Knapps

2) ADDRESS: 477 Bancroft Way   City: San Leandro   State: CA   Zip: 94577
   Apartment H
   HOME #: See Attachment "A"   DRIVER'S LICENSE: See Attachment "A"
   WORK #: See Attachment "A"   SOCIAL SECURITY #: See Attachment "A"
   DATE OF BIRTH: See Attachment "A"
   AUTO INSURANCE NAME AND POLICY # _____ N/A _____
   (if applicable)

3) IF AMOUNT CLAIMED IS LESS THAN $10,000, AMOUNT OF CLAIM: $ N/A
   (Attach copies of expenses substantiating the basis of computation for the amount being claimed)

   IF AMOUNT CLAIMED EXCEEDS $10,000, WOULD THE CLAIM BE A LIMITED CIVIL CASE (Less than $25,000)?
   Yes _____   No __X__   Unsure _____   See Attachment "A"

4) ADDRESS TO WHICH NOTICES ARE TO BE SENT, IF DIFFERENT FROM LINES 1 & 2:

   NAME: See Attachment "A"

   ADDRESS: See Attachment "A"   City: See Attch. "A"   State: See "A"   Zip: See "A"

   PHONE #: See Attachment "A"

5) DATE OF INCIDENT: August 10, 2004   TIME OF INCIDENT: See Attachment "A"

   SPECIFIC LOCATION OF INCIDENT* (Address): See Attachment "A"

6) DESCRIBE THE INCIDENT INCLUDING YOUR REASON FOR BELIEVING THE CITY IS LIABLE FOR YOUR DAMAGES: See Attachment "A"

7) DESCRIBE ALL DAMAGES WHICH YOU BELIEVE YOU HAVE INCURRED AS A RESULT OF THE INCIDENT: See Attachment "A"

8) NAME(S) OF PUBLIC EMPLOYEE(S) CAUSING THE DAMAGES YOU ARE CLAIMING:
   See Attachment "A"

_____[signature]_____   James B. Chanin            February 8, 2005
Signature of Claimant or Representative            Date

*Complete the diagram on the next page showing the location of the incident
Any person who, with the intent to defraud, presents any false or fraudulent claim may be punished by imprisonment or fine or both.
**Claims must be filed within 6 months of the incident.** See Government Code §§ 900 et seq.*

(Revised 3/11/99)

## ATTACHMENT "A" TO TORT CLAIM FORM

### GENERAL OBJECTIONS TO THE CITY OF OAKLAND CLAIM FORM

Claimant objects to the City of Oakland's Claim Form because it requests information which constitutes an invasion of the Claimant's privacy and which is not required to be provided by the Claimant under California Government Code Section 910. For example, California Government Code Section 910 does not require that the Claimant provide his home and work phone numbers, driver's license number, date of birth, auto insurance name and policy number, a diagram of the location of the incident, any statement by the Claimant as to the reasons for believing the City is liable for his damages, or a description of all damages which Claimant believes to have incurred as a result of the incident. Therefore, Claimant submits the following information in support of his Tort Claim pursuant to Government Code Section 910:

**CLAIMANT'S NAME**: Uganda Knapps

**CLAIMANT'S ADDRESS**: 477 Bancroft Way, Apartment H, San Leandro, CA 94577.

**CLAIMANT'S TELEPHONE NUMBERS**: C/O JAMES B. CHANIN, ESQ., (510) 848-4752, Ext. 2.

**ADDRESS TO WHICH NOTICES ARE TO BE SENT**: LAW OFFICES OF JAMES B. CHANIN, 3050 SHATTUCK AVENUE, BERKELEY, CA. 94705.

**PLEASE NOTE: CLAIMANT IS REPRESENTED BY COUNSEL AND ALL CONTACT SHALL BE MADE WITH THEIR ATTORNEYS ONLY.**

**DATES OF THE INCIDENTS**: On or about August 10, 2004.

**LOCATION OF ACCIDENT OR INCIDENT**: At or about the vicinity of 3320 Loma Vista Way, Oakland California.

**A GENERAL DESCRIPTION OF THE INDEBTEDNESS, OBLIGATION, INJURY, DAMAGE OR LOSS INCURRED SO FAR AS IT MAY BE KNOWN AT THE TIME OF PRESENTATION OF THE CLAIM AND THE NAME OR NAMES OF THE PUBLIC EMPLOYEE OR EMPLOYEES CAUSING THE INJURY, DAMAGE, OR LOSS, IF KNOWN [Per Government Code Sections 910]:**

On or about August 10, 2004, Claimant, who is an African American male and was a residential counselor at Hodges Residential Facility, was informed by a co-worker that a client had left the facility and that she had phoned "911."

The Claimant went outside in an attempt to locate the client and to return him to the facility. When the Claimant located the client, the client refused to return to the facility with the Claimant and told the Claimant that he wanted to kill himself.

Concerned for the welfare of the client, the Claimant called "911" on his cell phone and was connected to a City of Oakland Police Department dispatcher. The Claimant informed the dispatcher about the situation with the client.

The Claimant was told by the dispatcher that officers would be dispatched to the scene and that he should stay on the phone until the officers arrived. When the Claimant saw a police car heading in his direction, he informed the dispatcher that the officers were arriving. He waived the officer down. Claimant is informed and believes and thereon alleges that this officer's name was Kelly or Doe 1. The officer stopped at the stop sign located at the intersection of 38th and Sutter Street in Oakland.

As the Claimant began walking toward the officer, the client began running and ran past the Claimant. The Claimant saw that a car was coming and feared that the client would be struck by the vehicle. In an attempt to protect the client from being struck by the vehicle, the Claimant pushed the client down as he passed by. After the car went by, a white SUV stopped and Officers Rosas or Doe 2 and Cordoza or Doe 3 got out of the vehicle.

The Claimant attempted to explain to Officer Cordoza or Doe 3 what had occurred and informed the officers that he had called "911", believed that the client needed to be detained pursuant to Welfare and Institutions Code Section 5150 and that he was on the phone with OPD dispatch.

Despite the fact that the Claimant had called "911", had been attempting to return the client to the Hodges Residential Facility, had been in communication with OPD dispatch throughout the incident and had pushed the client down in a reasonable attempt to prevent harm to the client, the officers arrested the Claimant without reasonable or probable cause to believe that he committed any crime for allegedly assaulting the client.

As the Claimant was attempting to explain to the officers what had occurred and still had his cell phone in his hand that was connected to OPD dispatch, Officer Cordoza or Doe 3 subjected the Claimant to excessive force by choking him and knocking him to the ground. Neither of the other two officers who were present did anything to intervene to stop Officer Cordoza or Doe 3's use of excessive force on the Claimant.

The Claimant was handcuffed. During this incident, another City of Oakland police officer (Doe 4) arrived at the scene and began speaking with the other three officers while the Claimant remained handcuffed.

Eventually the handcuffs were removed. The Claimant's employer and paramedics

arrived at the scene. The officers falsely reported to Claimant's employer that the Claimant had been beating the client. Eventually, the Claimant was released and an ambulance transported the client from the scene.

The following day, Claimant filed a citizen's complaint concerning the officers' conduct with the Oakland Police Department Internal Affairs division and the Citizens' Review Board. To date, Claimant is informed and believes and thereon alleges that the City of Oakland has failed to take any or appropriate remedial action in response to Claimant's complaint and/or has ratified the conduct of the officers.

Thereafter, the Claimant is informed and believes and thereon alleges that he was charged with assaulting the client, resisting arrest and/or other charges as a result of the fabricated accounts of the incident by the officers and has been forced to defend himself in court against said charges.

Claimant is informed and believes and thereon alleges that he suffered the violation of his constitutional rights as a result of customs, policies, or practices of the CITY OF OAKLAND and/or DOES 1-100, and/or each of them, individually and/or while acting in concert with one another, including, but not limited to, customs, policies or practices of inadequate and/or inappropriate training; customs, policies and/or practices of conducting searches and/or seizures in violation of the United States and California Constitutions; customs, policies and/or practices of inadequate and/or inappropriate supervision, control and/or discipline with respect to the use of force, policies and/or practices of subjecting African Americans in Oakland to unreasonable searches and/or seizures and/or to disparate treatment because of their race, gender and/or age, and/or other customs, policies and practices that caused and/or contributed to the cause of the violation of the constitutional rights and/or other wrongful conduct that occurred in this case subject to continuing discovery.

Claimant is further informed and believes and thereon alleges that the CITY OF OAKLAND and/or DOES 1-100 and/or each of them, tacitly or directly ratified, approved and/or condoned the violation of the Claimant's constitutional rights and/or failed to take any or appropriate remedial action following this incident.

Claimant is informed and believes and thereon alleges that the acts and/or omissions of OFFICERS KELLY, ROSAS, CORDOZA and/or DOES 1-100 and/or each of them, was or may have been, intentional, malicious, oppressive and/or done with a conscious or callous disregard for the constitutional rights of the Claimant which may thereby justify an award of punitive or exemplary damages in amounts to be determined according to proof.

Claimant has, or may have, claims for damages against the CITY OF OAKLAND, OFFICERS KELLY, ROSAS, CORDOZA and/or DOES 1-100 and/or each of them, individually and/or while acting in concert with one another, as alleged herein based on theories of liability which include, but may not be limited to, negligence, unreasonable search and seizure, false arrest and imprisonment, assault, battery, violation of civil rights, including, but not limited to, violation of Constitutional and/or statutory rights under California and Federal law, conspiracy to

violate civil rights, California Civil Code Sections 51.7, 52, 52.1, negligent hiring, supervision, control and/or discipline, respondeat superior liability of the City of Oakland for acts and/or omissions committed within the course of scope of employment by its employees and/or other agents, and other causes of action subject to continuing discovery.

As a result of the acts and/or omissions alleged herein, Claimant incurred, or may incur in the future, damages, including, but not limited to,

a. General damages, including, but not limited to, damages for pain, suffering, emotional distress and/or other general damages in amounts to be determined according to proof;

b. Special damages, including, but not limited to, medical and related expenses, lost wages, damage to career and/or other special damages in amounts to be determined according to proof.

Claimant will also be entitled to an award of statutory damages, attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under California Civil Code Section 52, 52.1, 42 U.S.C. Section 1983, 1985-86, 1988 and/or under other statutes and/or laws.

Discovery continuing.

**NAME OF PUBLIC EMPLOYEE(S) BELIEVED TO HAVE CAUSED INJURY OR DAMAGE:**

CITY OF OAKLAND; OFFICERS KELLY, ROSAS, CORDOZA and/or DOES 1-100, individually and in their official capacities. Discovery continuing.

**DEMAND FOR PRESERVATION OF EVIDENCE:**

Claimant hereby demands that the CITY OF OAKLAND, including, but not limited to, the CITY OF OAKLAND POLICE DEPARTMENT, its employees, agents, servants and/or attorneys, maintain and preserve all evidence, documents and tangible materials which relates in any manner whatsoever to the subject matter of this Claim during the pendency of this matter, including until the completion of any and all civil and/or criminal litigation arising from the events which are the subject matter of this Claim. This demand for preservation of evidence includes, but is not limited to, a demand that all police department and/or other public safety communications tapes, logs and/or other tangible materials of any kind be preserved until the completion of any and all civil and criminal litigation arising from the subject matter of the events which are the subject matter of this Claim.

**AMOUNT OF CLAIM:** Claim is in excess of $10,000.00. Jurisdiction is designated as "unlimited" and jurisdiction would be in the Superior Court of the State of California for the County of Alameda and/or United States District Court.